## A. MELCHER ET AL. *v* OBST & RUPERT.

Street Improvements—Contract With City—Ordinance—Grading and Paving District from Curbing.

Curbing is not included in an ordiance directing a street to be graded and paved and the mayor has no right to put it under contract and charge the cost to adjoining land owners.

APPEAL FROM JEFFERSON CIRCUIT COURT.

September 27, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

It appears from the record of Obst & Rupert against Sweeney, etc., which by the peladings is made an exhibit, that real estate in the city of Louisville belonging to appellants was sold by virtue of a judgment pronounced in said case against them for improvements made under an ordinance of the City Council on an alley in front of said property; this action is now brought against appellees, one of whom was the purchaser, to set aside said judgment and sale, and the chancellor, having refused relief to the full extent it was sought, appellants have brought the case to this court.

By the terms of the ordinance, the alley was to be *"graded and paved,"* but the Mayor of the city entered into a contract with appellee Obst, by which he undertook to grade said alley, and to pave it, for certain stipulated prices, and to curb it at 56 cents per running foot from the curbing, whereby the cost of the improvement was very greatly increased, and the ordinance conferred no power or authority on the engineer to let, nor on the Mayor to contract for any curbing on said alley.

As was said in the case of Sweeney & McNeigh v. Obst & Rupert, curbing is not necessarily included in an ordinance for grading and paving, and unless there be sidewalks, it would be proper, and most probable curbing would be provided for in the ordinance; but, however this may be, curbing is as distinct from

grading and paving as these are from each other, and unless the ordinance authorized the curbing, the engineer had no power to put it under contract; and if he does so, and the Council approves and affirms it, and it is by the Mayor stipulated for, and the work is performed, the city, and not the owners of the property fronting the improvement, must pay for it.

Wherefore, the judgment of the chancellor is *reversed,* and the cause is remanded, with directions to set aside the judgment against appellants, under which the real estate described in the pleadings was sold, and to set aside the sale, and that appellee Rupert be ordered to return the money paid to him by appellant, Mrs. C. Melcher, as evidenced by the two receipts, one dated August 2, 1866, and the other September 8, 1866, and for further proceedings consistent with this opinion.